# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ANTHONY WILLIAMS, | ) |
| Movant, | ) |
| v. | ) Case No. 4:12CV1441 HEA |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on movant's motion to vacate, set aside or correct sentence. The motion is a "second or successive motion" within the meaning of 28 U.S.C. §§ 2244 & 2255 but has not been certified by the United States Court of Appeals for the Eighth Circuit as required by the AEDPA. As a result, the motion will be denied and dismissed.

In 1993, movant pled not guilty to one count of kidnaping. Following a jury trial, movant was found guilty and sentenced to life imprisonment. Movant appealed his conviction to the Eighth Circuit Court of Appeals.

Movant indicates that after appealing his conviction to the Eighth Circuit, he filed a motion to vacate with the instant Court, pursuant to 28 U.S.C. § 2255. Williams v. United States, 4:05CV1089 HEA (E.D. Mo.). Movant's motion to vacate was denied and dismissed by this Court on August 8, 2005 as time-barred. Movant

appealed the denial of his motion to vacate to the Eighth Circuit Court of Appeals, and his appeal was denied and dismissed. He filed a petition for writ of certiorari with the United States Supreme Court, but his petition for writ was also denied.

In the instant motion, movant claims that he is actually innocent of the crime for which he was convicted. He additionally claims that there were <u>Batson</u> violations present during voir dire at his criminal trial. He further claims that he was denied due process when a life sentence was imposed without a jury recommendation. Movant insists that many of these grounds were not previously raised due to ineffective assistance of counsel.

Under 28 U.S.C. § 2255:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense . . .

Absent certification from the United States Court of Appeals, this Court lacks authority under § 2255 to grant movant's requested relief. As a result, the motion shall be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside or correct sentence is **DENIED AND DISMISSED**.

**IT IS FURTHER ORDERED** that the Court shall not issue a Certificate of Appealability.

Dated this 5th day of October, 2012.

                                        HENRY EDWARD AUTREY
                                    UNITED STATES DISTRICT JUDGE